

## NUMBERS
## 13-08-00737-CR
## 13-08-00738-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**GULIAN COBB,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

---

### On appeal from the 148th District Court
### of Nueces County, Texas.

---

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Yañez and Garza
### Memorandum Opinion by Justice Yañez

On December 1, 2008, appellant, Gulian Cobb, entered open pleas of guilty to two

offenses of the state jail felony of unauthorized use of a motor vehicle.[1]  Appellant also

---

[1] *See* TEX. PENAL CODE ANN. § 31.07 (Vernon 2003).  Appellate cause number 13-08-737-CR is trial court cause number 08-CR-3282-E; appellate cause number 13-08-738-CR is trial court cause number 08-CR-3426-E.  Each offense had different victims.

pleaded "true" to the State's enhancement allegation in the indictments.[2]  After a hearing, the trial court found appellant guilty of the underlying offenses, concluded that the enhancement allegation was true, and sentenced him to six years' confinement for each offense.  The sentences would run concurrently.[3]  The trial court certified appellant's right to appeal in each case, and these appeals followed.  We affirm in each case.

## I. *ANDERS* BRIEF

Pursuant to *Anders v. California*,[4] appellant's court-appointed appellate counsel has filed a brief with this Court stating that, after examining the records in each case and investigating all possible grounds of appeal, she has found no possible error and that "[t]here are no issues to warrant an appeal of the adjudication and sentence of [a]ppellant." Although counsel's brief does not advance any arguable grounds of error, it does present a professional evaluation of the records demonstrating why there are no arguable grounds to be advanced on appeal in either case.[5]

In compliance with *High v. State*,[6] appellant's counsel has carefully discussed why,

---

[2] In both indictments, the State alleged that appellant had previously been convicted of aggravated robbery.

[3] *See id.* § 12.35(c)(2)(A) (Vernon Supp. 2009) (providing that a person found guilty of a state jail felony who has previously been convicted of an offense listed in article 42.12, section 3g of the code of criminal procedure, including among other things, aggravated robbery, shall be punished for a third degree felony); *id.* § 12.34(a) (Vernon Supp. 2009) (setting out the punishment range for a third degree felony is not more than ten years or less than two years); *see also* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 3g(a)(1)(F) (Vernon Supp. 2009).

[4] 386 U.S. 738, 744 (1967).

[5] *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.–Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

[6] *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978).

under controlling authority, there are no errors in the trial court's judgments. Counsel has (1) informed this Court that she has forwarded a copy of the brief and her request to withdraw as counsel to appellant in both cases, (2) examined the records and found no arguable grounds to advance on appeal, and (3) informed appellant of his right to review the records and to file a pro se response in each case.[7] More than an adequate period of time has passed, and appellant has not filed a pro se response in either case.[8]

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous.[9] We have reviewed the entire record and counsel's brief and have found nothing that would arguably support an appeal in either case.[10] Accordingly, we affirm the judgments of the trial court in each case.

## III. MOTION TO WITHDRAW

In accordance with *Anders*, appellant's attorney has asked this Court for permission

---

[7] *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d at 409 n.23 (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.–Waco 1997, no pet.)).

[8] *See In re Schulman*, 252 S.W.3d at 409.

[9] *Penson v. Ohio*, 488 U.S. 75, 80 (1988).

[10] *See Bledsoe v. State*, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.

to withdraw as counsel for appellant.[11]  We grant counsel's motion to withdraw.

Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to appellant and to advise appellant of his right to file a petition for discretionary review.[12]

LINDA REYNA YAÑEZ,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).
Delivered and filed the
19th day of August, 2010

---

[11] *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.–Dallas 1995, no pet.) (noting that "[i]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant.  To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous") (citations omitted)).

[12] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).  No substitute counsel will be appointed.  Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review.  Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court.  *See* TEX. R. APP. P. 68.2.  Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals.  *See* TEX. R. APP. P. 68.3; 68.7.  Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure.  *See* TEX. R. APP. P. 68.4.

4